UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STACY THIERRY and**<br>**BRIAN THIERRY** | **CIVIL ACTION**<br><br>**NO. 13-6188** |
| **VERSUS** | **SECTION C** |
| **LIGHTHOUSE PROPERTY INSURANCE**<br>**CORPORATION, GMAC MORTGAGE,**<br>**LLC, OCWEN LOAN SERVICING, LLC,**<br>**GLEN LUIZZA AGENCY, INC., AND**<br>**GLEN LUIZZA** | |

## ORDER AND REASONS

Before the Court is motion for summary judgment filed by defendant Lighthouse Property Insurance Corporation's ("Lighthouse"). Rec. Doc. 15. Having considered the record, the memoranda of counsel, and the law, the Court has determined that summary judgment is inappropriate for the following reasons.

This case arises out of an insurance policy held by the plaintiffs Stacy and Brian Thierry ("Plaintiffs"). The policy was provided by Lighthouse and covered Plaintiffs' home in Gretna, Louisiana from May 26, 2012 through May 26, 2013. Rec. Doc. 1-1, p. 2. A hail storm on February 24, 2013 caused damage to Plaintiff's home resulting in their filing an insurance claim with Lighthouse. *Id.* However, Lighthouse denied Plaintiff's claim due to the cancellation of their policy for nonpayment of premiums, effective January 17, 2013, and mailed January 3, 2013. *Id.* p. 2, Rec. Doc. 15-2, p. 1, Rec. Doc. 15-3. The plaintiffs filed suit in state court "for negligence, breach of contract, malpractice, bad faith, arbitrarily undervaluing, denying and/or delaying Plaintiffs' claim

1

and for breach of federal and state law." Rec. Doc. 1-1, p. 2. Plaintiffs argue in opposition that their mortgage company was responsible for paying the insurance premiums and that Plaintiffs never received the notice of cancellation mailed by Lighthouse. Rec. Doc. 17, pp. 3-4. On October 18, 2013, defendants Ocwen Loan Servicing, LLC and GMAC Mortgage LLC removed this action to this Court invoking its jurisdiction over federal questions. Rec. Doc. 1.

Rule 56 of the Federal Rules of Civil Procedure states: "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. When considering whether any genuine issues of material fact exist, courts view the evidence and inferences drawn from that evidence in the light most favorable to the non-moving party. *United States ex rel. Reagan v. East Texas Med. Ctr. Reg'l Healthcare Sys.*, 384 F.3d 168, 173 (5th Cir. 2004) (citing *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001)).

An issue is material if its resolution could affect the outcome of the action. *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 409 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A factual dispute precludes summary judgment if evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Hunt v. Rapides Healthcare Sys. LLC*, 277 F.3d 757, 762 (5th Cir. 2001).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). "If the moving party meets the initial burden of

showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322-24). In order to satisfy its burden, the nonmoving party must put forth competent evidence and cannot rely on unsubstantiated assertions and conclusory allegations. *See* Lujan *v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-48 (1996). "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249-50 (citations omitted).

Louisiana Revised Statute § 22:887 provides that an insurer may cancel a policy in accordance with the policy's terms when written notice of such cancellation is "actually delivered or mailed to the insured or to his representative in charge of the subject of the insurance." The statute further provides that the "mailing of any such notice shall be effected by depositing it in a sealed envelope directed to the addressee at his last address as known to the insurer or as shown by the insurer's records." La. Rev. Stat. Ann. § 22:887. "The affidavit of the individual making or supervising such a mailing, shall constitute prima facie evidence of such facts of the mailing as are therein affirmed." *Id.* However, the Louisiana Supreme Court noted that "the purpose of the notice of cancellation is to make known to the insured that his policy is being terminated." *Broadway v. All-Star Ins. Corp.*, 285 So.2d 536, 539 (La. 1973). "An interpretation [of the statute] which permits a deposit in the mails to conclusively terminate coverage undermines the purpose of the notice." *Id.* Accordingly, once evidence of mailing has been provided, that evidence may be rebutted by

showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322-24). In order to satisfy its burden, the nonmoving party must put forth competent evidence and cannot rely on unsubstantiated assertions and conclusory allegations. *See* Lujan *v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-48 (1996). "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249-50 (citations omitted).

Louisiana Revised Statute § 22:887 provides that an insurer may cancel a policy in accordance with the policy's terms when written notice of such cancellation is "actually delivered or mailed to the insured or to his representative in charge of the subject of the insurance." The statute further provides that the "mailing of any such notice shall be effected by depositing it in a sealed envelope directed to the addressee at his last address as known to the insurer or as shown by the insurer's records." La. Rev. Stat. Ann. § 22:887. "The affidavit of the individual making or supervising such a mailing, shall constitute prima facie evidence of such facts of the mailing as are therein affirmed." *Id.* However, the Louisiana Supreme Court noted that "the purpose of the notice of cancellation is to make known to the insured that his policy is being terminated." *Broadway v. All-Star Ins. Corp.*, 285 So.2d 536, 539 (La. 1973). "An interpretation [of the statute] which permits a deposit in the mails to conclusively terminate coverage undermines the purpose of the notice." *Id.* Accordingly, once evidence of mailing has been provided, that evidence may be rebutted by

affirmative proof of non-delivery. *Freeman v. Audubon Ins. Grp.*, 2008-0856, p. 2 (La. App. 4 Cir. 4/1/09); 11 So.3d 509, 510.

Lighthouse has provided prima facie evidence of mailing not only through an affidavit signed by their Operations Manager (Rec. Doc. 15-4), but has also provided a copy of the cancellation notice and corresponding U.S. Postal Service postmark. Rec. Doc. 15-2; Rec. Doc. 15-3. Plaintiffs have also provided affidavits attesting that they never received the notice of cancellation that Lighthouse sent to them. Rec. Doc. 17-2; Rec. Doc. 17-3. While Lighthouse argues that these affidavits are "self-serving" and "directly contradicted by" the evidence submitted by Lighthouse, the Court finds that they serve to raise a genuine issue of material fact. Rec. Doc. 19-2, p. 2.

Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is DENIED. Rec. Doc. 15.

New Orleans, Louisiana, this 3rd day of April, 2014.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

4